## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

RICHARD IDEN,

      Plaintiff

v.

WELLS FARGO BANK,
KAREN WINCKLER,

      Defendants

Case No.: 3:20-cv-00503-RCJ-WGC

**Order**

Plaintiff  is an inmate within the Nevada Department of Corrections (NDOC), housed at Ely State Prison (ESP), and filed his civil rights complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1-1.) The complaint was not accompanied by the filing fee or an application to proceed *in forma pauperis* (IFP).

The Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis*. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, and liabilities." LSR 1-1. When a prisoner seeks to proceed without prepaying the filing fee, in addition to filing the affidavit, the prisoner is required to submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. The statement must be obtained from the appropriate official at the prison or detention facility where the prisoner is or was confined. 28 U.S.C. § 1915(a)(2); LSR 1-2.

When a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. The court is required to assess, and when funds exist, collect an initial

partial payment of 20 percent of the greater of: (A) the average monthly deposits in the prisoner's account or (B) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. Thereafter, whenever the prisoner's account exceeds $10, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoners account until the filing fees are paid. The funds are to be forwarded by the agency having custody of the prisoner. 28 U.S.C. § 1915(b)(1), (2).

The regular filing fee is $400, consisting of the $350 filing fee and a $50 administrative fee. If an inmate does not qualify for IFP status, he must pay the  full $400 filing fee. If the inmate qualifies for IFP status, the $50 administrative fee is waived, and the inmate will only pay the $350 filing fee over time.

Once Plaintiff has filed his completed IFP application and financial certificate or paid the filing fee, the court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both. Both require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the complaint is dismissed on screening, there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

The court has undertaken a preliminary review of Plaintiff's complaint.

Plaintiff sues Wells Fargo Bank and Karen Winckler, whom he alleges is the head of the bank's legal department. He alleges they violated his right to equal protection of the laws because he was the victim of identity theft when he was incarcerated, and Defendants placed a hold on his assets, which he claims is illegal. (ECF No. 1-1 at 4.)

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted). To state a claim under section 1983, a plaintiff must allege: (1) his or her civil rights were violated, (2) by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Wells Fargo is a private entity, and Ms. Winckler is an individual employed by a private bank. They are not state actors subject to suit under section 1983. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) (private parties do not act under color of state law).

Therefore, it is likely that Plaintiff's complaint would be dismissed with prejudice on screening for failure to state a claim upon which relief may be granted. If Plaintiff pays the $400 filing fee or is granted IFP status and is required to pay the $350 filing fee over time, he is still responsible for paying the applicable fee even if his complaint is dismissed.

The Clerk shall **SEND** Plaintiff a copy of the instructions and application to proceed IFP for an inmate. Within **30 days** of the date of this Order, Plaintiff shall file a completed IFP application, pay the filing fee, or notify the court that he does not wish to pursue this action further. If he fails to timely do so, the court will recommend that this action be dismissed.

**IT IS SO ORDERED**.

Dated: October 29, 2020

_____
William G. Cobb
United States Magistrate Judge